## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

RAEMONICA CARNEY,        )
Plaintiff,                )
                         )
vs.                      )      **CIVIL ACTION NO:**
                         )      **1:14-cv-00392-WC**
CITY OF DOTHAN,        )
Defendant.            )

## ANSWER

Defendant City of Dothan (hereinafter "Dothan" or "Defendant") hereby answers Plaintiff's Complaint and sets forth its defenses as follows. All matters not expressly admitted herein are denied.

## I.    NATURE AND CAUSE OF ACTION

Defendant admits that Plaintiff purports to assert claims pursuant to the Title VII of the Civil Rights Act of 1964, as amended, a Consent Decree and the First Amendment. Defendant denies that it violated any of the foregoing statutes or laws with regard to Plaintiff. Defendant also denies that Plaintiff is entitled to any relief pursuant to the foregoing statutes or otherwise in this action.

## II.    PARTIES

1. Upon information and belief, Defendant admits the allegations contained in Paragraph One (1) of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph Two (2) of Plaintiff's Complaint.

### III.    JURISDICTION

3.     Defendant admits that Plaintiff purports to assert claims pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 1983; 42 U.S.C. § 2000(e), et seq.; and the Consent Decree entered in *Wiggins v. Hollis, et al*. (Case No. 75-57-S) but denies that this Court has jurisdiction over all of Plaintiff's claims, denies that all of Plaintiff's claims are timely and denies that Plaintiff has exhausted all administrative remedies with regard to all of her claims in this matter.

4.     Defendant denies the allegations contained in Paragraph Four (4) of Plaintiff's Complaint.

### IV.    FACTS

5.     Defendant admits the allegations contained in Paragraph Five (5) of Plaintiff's Complaint.

6.     Defendant admits the allegations contained in Paragraph Six (6) of Plaintiff's Complaint.

7.     Defendant admits that Plaintiff was employed by Defendant for approximately fourteen (14) years and at varying times during her employment with Defendant served as a School Resource Officer, Community Watch Coordinator, Crime Stoppers Coordinator and Recruiting Team Member. Defendant denies the allegations as stated in Paragraph Seven (7) of Plaintiff's Complaint.

8.     Defendant denies the allegations as stated in Paragraph (8) of Plaintiff's Complaint.

9.     Defendant denies the allegations contained in Paragraph Nine (9) of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph Ten (10) of Plaintiff's Complaint and therefore denies the same.  Defendant states that any claims relating in any way to Plaintiff's application and promotion to Corporal (including but not limited to Paragraphs Ten (10) through Fourteen (14) of Plaintiff's Complaint) are untimely. Plaintiff filed an EEOC Charge on or about September 26, 2006 regarding the

same and the EEOC issued a Dismissal and Notice of Rights regarding Plaintiff's Charge on or about August 1, 2007.

11.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph Eleven (11) of Plaintiff's Complaint and therefore denies the same.

12.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph Twelve (12) of Plaintiff's Complaint and therefore denies the same.

13.    Defendant denies the allegations contained in Paragraph Thirteen (13) of Plaintiff's Complaint.

14.    Defendant denies the allegations as stated in Paragraph Fourteen (14) of Plaintiff's Complaint.

15.    Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph Fifteen (15) of Plaintiff's Complaint and therefore denies the same.

16.    Defendant denies the allegations as stated in Paragraph Sixteen (16) of Plaintiff's Complaint.

17.    Defendant denies the allegations as stated in Paragraph Seventeen (17) of Plaintiff's Complaint.

18.    Defendant denies the allegations contained in Paragraph Eighteen (18) of Plaintiff's Complaint.

19.    Defendant denies the allegations contained in Paragraph Nineteen (19) of Plaintiff's Complaint.

20.    Defendant denies the allegations contained in Paragraph Twenty (20) of Plaintiff's Complaint.

21.    Defendant denies the allegations contained in Paragraph Twenty-one (21) of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in Paragraph Twenty-Two (22) of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph Twenty-Three (23) of Plaintiff's Complaint.

24.     Defendant admits that Defendant reassigned the duties of reviewing tips received through the TipSoft computer software.  Defendant denies the remaining allegations as stated in Paragraph Twenty-Four (24) of Plaintiff's Complaint.

25.     Defendant admits that it utilized TipSoft computer software as part of its Crime Stoppers program.  Defendant denies the remaining allegations contained in Paragraph Twenty-Five (25) of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in Paragraph Twenty-Six (26) of Plaintiff's Complaint.

27.     Defendant admits that officers were required to complete and pass fire arms and ethics exams.  Defendant is without sufficient knowledge or information regarding the "employment-related exams" to which Plaintiff is referring and therefore denies any remaining allegations contained in Paragraph Twenty-Seven (27) regarding the same.

28.     Defendant is without sufficient knowledge or information regarding to which specific exam(s) Plaintiff is referring and therefore denies the allegations contained in Paragraph Twenty-Eight (28) of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph Twenty-Nine (29) of Plaintiff's Complaint.

30.     Defendant is without sufficient knowledge or information regarding to which specific exam(s) Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty (30) of Plaintiff's Complaint.

31.     Defendant is without sufficient knowledge or information regarding to which specific exam(s) Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty-One (31) of Plaintiff's Complaint.

32.     Defendant is without sufficient knowledge or information regarding the specific firearms tests to which Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty-Two (32) of Plaintiff's Complaint.

33.     Defendant is without sufficient knowledge or information regarding the specific firearms tests to which Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty-Three (33) of Plaintiff's Complaint.

34.     Defendant is without sufficient knowledge or information regarding the specific firearms tests to which Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty-Four (34) of Plaintiff's Complaint.

35.     Defendant is without sufficient knowledge or information regarding the specific tests to which Plaintiff is referring and therefore denies the allegations contained in Paragraph Thirty-Five (35) of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in Paragraph Thirty-Six (36) of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph Thirty-Seven (37) of Plaintiff's Complaint.

38.     Defendant denies the allegations as stated in Paragraph Thirty-Eight (38) of Plaintiff's Complaint.  Defendant admits that in or around February 2013, Defendant received complaints regarding comments Plaintiff made on a social media site and investigated the same.

39.     Upon information and belief, Defendant admits the allegations contained in Paragraph Thirty-Nine (39) of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph Forty (40) of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in Paragraph Forty-One (41) of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in Paragraph Forty-Two (42) of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph Forty-Three (43) of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph Forty-Four (44) of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph Forty-Five (45) of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph Forty-Six (46) of Plaintiff's Complaint.

47. Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was suspended for ten (10) days without pay. Defendant denies the remaining allegations contained in Paragraph Forty-Seven (47) of Plaintiff's Complaint.

48. Defendant denies the allegations as stated in Paragraph Forty-Eight (48) of Plaintiff's Complaint. Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was reassigned to a duty desk assignment.

49. Defendant denies the allegations as stated in Paragraph Forty-Nine (49) of Plaintiff's Complaint. Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was reassigned to a duty desk assignment.

50. Defendant denies the allegations as stated in Paragraph Fifty (50) of Plaintiff's Complaint.

51. Defendant denies the allegations in Paragraph Fifty-One (51) of Plaintiff's Complaint.

52. Defendant admits that white officers have posted comments and photographs on Facebook. Defendant denies the remaining allegations in Paragraph Fifty-Two (52) of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph Fifty-Three (53) of Plaintiff's Complaint.

54.     Defendant admits the allegations contained in Paragraph Fifty-Four (54) of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in Paragraph Fifty-Five (55) of Plaintiff's Complaint.

56.     Defendant denies the allegations contained in Paragraph Fifty-Six (56) of Plaintiff's Complaint.

57.     Defendant denies the allegations contained in Paragraph Fifty-Seven (57) of Plaintiff's Complaint.

58.     Defendant denies the allegations contained in Paragraph Fifty-Eight (58) of Plaintiff's Complaint.

59.     Defendant denies the allegations contained in Paragraph Fifty-Nine (59) of Plaintiff's Complaint.

60.     Defendant denies the allegations contained in Paragraph Sixty (60) of Plaintiff's Complaint.

61.     Defendant denies the allegations contained in Paragraph Sixty-One (61) of Plaintiff's Complaint.

62.     Defendant denies the allegations contained in Paragraph Sixty-Two (62) of Plaintiff's Complaint.

63.     Defendant denies the allegations contained in Paragraph Sixty-Three (63) of Plaintiff's Complaint.

64.     Defendant admits that Defendant required Plaintiff to complete a fit-for-duty evaluation which she completed on or about May 28, 2013.  Defendant denies the remaining allegations contained in Paragraph Sixty-Four (64) of Plaintiff's Complaint.

65.     Defendant denies the allegations as stated in Paragraph Sixty-Five (65) of Plaintiff's Complaint.

66.     Defendant denies the allegations as stated in Paragraph Sixty-Six (66) of Plaintiff's Complaint.

67.    Defendant admits the allegations contained in Paragraph Sixty-Seven (67) of Plaintiff's Complaint.

68.    Defendant admits the allegations contained in Paragraph Sixty-Eight (68) of Plaintiff's Complaint.

69.    Defendant admits that it terminated Plaintiff's employment on or about December 16, 2013, prior to the Houston County Circuit Court's January 14, 2014 Order affirming the Personnel Board's decision.  Defendant denies the remaining allegations contained in Paragraph Sixty-Nine (69) of Plaintiff's Complaint.

70.    Defendant denies the allegations as stated in Paragraph Seventy (70) of Plaintiff's Complaint.

71.    Defendant denies the allegations contained in Paragraph Seventy-One (71) of Plaintiff's Complaint.  Defendant states that any Title VII claims relating to Plaintiff's termination are untimely and due to be dismissed as Plaintiff has failed to exhaust her administrative remedies regarding the same.

72.    Defendant admits that on or about January 14, 2014, the Houston County Circuit Court found that "there was substantial evidence presented to the Personnel Board to support the Board's decision.  Therefore, the decision of the Board . . . is hereby affirmed."  Defendant admits that Plaintiff's termination was not at issue before the Houston County Circuit Court.  Defendant states that any Title VII claims relating to Plaintiff's termination are untimely and due to be dismissed as Plaintiff has failed to exhaust her administrative remedies regarding the same.

73.    Defendant denies the allegations contained in Paragraph Seventy-Three (73) of Plaintiff's Complaint.

74.    Defendant denies the allegations contained in Paragraph Seventy-Four (77) of Plaintiff's Complaint.

75.    Defendant denies the allegations contained in Paragraph Seventy-Five (75) of Plaintiff's Complaint.

76.     Defendant denies the allegations contained in Paragraph Seventy-Six (76) of Plaintiff's Complaint.

## COUNT I – RACE AND GENDER DISCRIMINATION TITLE VII

77.     Defendant re-alleges and incorporates by reference Paragraphs 1-76 above, as if the same were fully set forth herein.

78.     Defendant admits the allegations contained in Paragraph Seventy-Eight (78) of Plaintiff's Complaint.

79.     Defendant denies the allegations as stated in Paragraph Seventy-Nine (79) of Plaintiff's Complaint. Defendant states that any claims relating in any way to Plaintiff's application and promotion to Corporal (including but not limited to Paragraphs Ten (10) through Fourteen (14) of Plaintiff's Complaint) are untimely.

80.     Defendant denies the allegations contained in Paragraph Eighty (80) of Plaintiff's Complaint. Defendant states that Plaintiff failed to exhaust her administrative remedies regarding any allegations of preferential work assignments and as such, any Title VII allegations regarding the same are due to be dismissed.

81.     Defendant denies the allegations contained in Paragraph Eighty-One (81) of Plaintiff's Complaint. Defendant states that Plaintiff failed to exhaust her administrative remedies regarding any allegations about training opportunities and as such, any allegations regarding the same are due to be dismissed.

82.     Defendant denies the allegations contained in Paragraph Eighty-Two (82) of Plaintiff's Complaint.

83.     Defendant denies the allegations contained in Paragraph Eighty-Three (83) of Plaintiff's Complaint.

84.     Defendant is without sufficient knowledge or information regarding the responsibilities to which Plaintiff is referring and therefore denies the allegations contained in Paragraph Eighty-Four (84) of Plaintiff's Complaint.

85.     Defendant denies the allegations as stated in Paragraph Eighty-Five (85) of Plaintiff's Complaint.

86.     Defendant denies the allegations contained in Paragraph Eighty-Six (86) of Plaintiff's Complaint.   Defendant states that Plaintiff failed to exhaust her administrative remedies regarding any allegations about leave and as such, any allegations regarding the same are due to be dismissed.

87.     Defendant denies the allegations contained in Paragraph Eighty-Seven (87) of Plaintiff's Complaint.  Defendant states Plaintiff is precluded by the Houston County Circuit Court's January 14, 2014 decision from bringing claims regarding the Personnel Board's June 20, 2013 decision regarding her discipline and as such, any allegations regarding the same are due to be dismissed.

88.     Defendant denies the allegations contained in Paragraph Eighty-Eight (88) of Plaintiff's Complaint.

89.     Defendant denies the allegations contained in Paragraph Eighty-Nine (89) of Plaintiff's Complaint.  Defendant states that Plaintiff failed to exhaust her administrative remedies regarding the termination of her employment and as such, any allegations regarding the same are due to be dismissed.

90.     Defendant denies the allegations contained in Paragraph Ninety (90) of Plaintiff's Complaint.

91.     Defendant is presently without sufficient knowledge or information to admit or deny the allegations contained in Paragraph Ninety-One (91) of Plaintiff's Complaint and therefore denies the same.

92.     Defendant denies the allegations contained in Paragraph Ninety-Two (92) of Plaintiff's Complaint.

93.     Defendant denies the allegations contained in Paragraph Ninety-Three (93) of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in

Paragraphs (a) – (f) or that she is entitled to any other relief in this action.

## COUNT II – RACE DISCRIMINATION VIOLATION OF CONSENT DECREE

94.     Defendant re-alleges and incorporates by reference Paragraphs 1-93 above, as if the same were fully set forth herein.  Defendant further states that

Plaintiff may not assert a private cause of action for an alleged violation of a consent decree and as such, Count II of Plaintiff's Complaint is due to be dismissed.

95.　Defendant admits the allegations contained in Paragraph Ninety-Five (95) of Plaintiff's Complaint.

96.　Defendant admits that the February 13, 1976 Consent Decree incorporated the Affirmative Action Plan entered in *Yelverton v. City of Dothan*.

97.　Upon information and belief, Defendant admits the allegations contained in Paragraph Ninety-Seven (97) of Plaintiff's Complaint.

98.　Defendant denies the allegations as stated in Paragraph Ninety-Eight (98) of Plaintiff's Complaint.  Defendant states that the February 13, 1976 Consent Decree is an Order with which the City of Dothan must comply.

99.　Defendant denies the allegations contained in Paragraph Ninety-Nine (99) of Plaintiff's Complaint.

100.　Defendant denies the allegations contained in Paragraph One Hundred (100) of Plaintiff's Complaint.

101.　Defendant denies the allegations contained in Paragraph One Hundred and One (101) of Plaintiff's Complaint.

102.　Defendant denies the allegations contained in Paragraph One Hundred and Two (102) of Plaintiff's Complaint.

103.　Defendant denies the allegations contained in Paragraph One Hundred and Three (103) of Plaintiff's Complaint. Defendant states that Plaintiff failed to exhaust her administrative remedies regarding the termination of her employment and as such, any allegations regarding the same are due to be dismissed. Defendant states Plaintiff is precluded by the Houston County Circuit Court's January 14, 2014 decision from bringing claims regarding the Personnel Board's June 20, 2013 decision regarding her discipline and as such, any allegations regarding the same are due to be dismissed.

104.　Defendant denies the allegations contained in Paragraph One Hundred and Four (104) of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a) – (f) or that she is entitled to any other relief in this action.

## COUNT III – 42 U.S.C. SECTION 1983 FIRST AMENDMENT VIOLATIONS

105.    Defendant re-alleges and incorporates by reference Paragraphs 1-104 above, as if the same were fully set forth herein.

106.    Defendant denies the allegations as stated in Paragraph One Hundred and Six (106) of Plaintiff's Complaint.  Defendant admits that in or around February 2013, Defendant received complaints regarding comments Plaintiff made on a social media site and conducted an investigation regarding the same.

107.    Upon information and belief, Defendant admits the allegations contained in Paragraph One Hundred and Seven (107) of Plaintiff's Complaint.

108.    Defendant denies the allegations contained in Paragraph One Hundred and Eight (108) of Plaintiff's Complaint.

109.    Defendant denies the allegations contained in Paragraph One Hundred and Nine (109) of Plaintiff's Complaint.

110.    Defendant denies the allegations contained in Paragraph One Hundred and Ten (110) of Plaintiff's Complaint.

111.    Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was suspended for ten (10) days without pay.

112.    Defendant denies the allegations as stated in Paragraph One Hundred and Twelve (112) of Plaintiff's Complaint.  Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was reassigned to a duty desk assignment.

113.    Defendant denies the allegations as stated in Paragraph One Hundred and Thirteen (113) of Plaintiff's Complaint.  Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was reassigned to a duty desk assignment.

114.   Defendant admits the allegations contained in Paragraph One Hundred and Fourteen (114) of Plaintiff's Complaint.

115.   Defendant admits that it terminated Plaintiff's employment on or about December 16, 2013.  Defendant denies the remaining allegations contained in Paragraph One Hundred and Fifteen (115) of Plaintiff's Complaint.  Defendant states that Plaintiff failed to exhaust her administrative remedies regarding the termination of her employment and as such, any allegations regarding the same are due to be dismissed.

116.   Upon information and belief, Defendant admits the allegations contained in Paragraph One Hundred and Sixteen (116) of Plaintiff's Complaint.  Defendant states that Plaintiff failed to exhaust her administrative remedies regarding the termination of her employment and as such, any allegations regarding the same are due to be dismissed.

117.   Defendant denies the allegations as stated in Paragraph One Hundred and Seventeen (117) of Plaintiff's Complaint.

118.   Defendant denies the allegations as stated in Paragraph One Hundred and Eighteen (118) of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a) – (f) or that she is entitled to any other relief in this action.

## COUNT IV – RETALIATORY HOSTILE WORK ENVIRONMENT

119.   Defendant re-alleges and incorporates by reference Paragraphs 1-118 above, as if the same were fully set forth herein.

120.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty (120) of Plaintiff's Complaint.

121.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty-One (121) of Plaintiff's Complaint.

122.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty-Two (122) of Plaintiff's Complaint.

123.   Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph One Hundred and Twenty-Three (123) of Plaintiff's Complaint and therefore denies the same.

124.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty-Four (124) of Plaintiff's Complaint.

125.   Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was suspended for ten (10) days without pay.   Defendant states Plaintiff is precluded by the Houston County Circuit Court's January 14, 2014 decision from bringing claims regarding the Personnel Board's June 20, 2013 decision regarding her discipline and as such, any allegations regarding the same are due to be dismissed.

126.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty-Six (126) of Plaintiff's Complaint.

127.   Defendant admits that as a result of the investigation regarding comments Plaintiff made on a social media site, Plaintiff was reassigned to a duty desk assignment.   Defendant denies the remaining allegations as stated in Paragraph One Hundred and Twenty-Seven (127) of Plaintiff's Complaint.

128.   Defendant admits that Defendant required Plaintiff to complete a fit-for-duty evaluation which she completed on or about May 28, 2013.   Defendant denies the remaining allegations contained in Paragraph One Hundred and Twenty-Eight (128) of Plaintiff's Complaint.

129.   Defendant denies the allegations as stated in Paragraph One Hundred and Twenty-Nine (129) of Plaintiff's Complaint.

130.   Defendant admits the allegations contained in Paragraph One Hundred and Thirty (130) of Plaintiff's Complaint.

131.   Defendant denies the allegations as stated in Paragraph One Hundred and Thirty-One (131) of Plaintiff's Complaint.

132.   Defendant denies the allegations as stated in Paragraph One Hundred and Thirty-Two (132) of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a) – (f) or that she is entitled to any other relief in this action.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.      Except as expressly admitted hereinabove, Defendant denies the material allegations of the Complaint and demands strict proof thereof.

2.      Any actions taken by Defendant toward Plaintiff were for legitimate, non-discriminatory reasons in good faith and without regard to her race, gender and/or any protected characteristic.

3.      Some or all of Plaintiff's claims are barred by the applicable statutes of limitations or are otherwise untimely.

4.      Some or all of Plaintiff's claims are barred by Plaintiff's failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit and are due to be dismissed.

5.      Any damages suffered by Plaintiff were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

6.      Defendant denies that any unlawful acts were committed against Plaintiff.  However, even assuming they occurred (which they did not), Defendant is not liable for actions which were neither authorized nor ratified by the Defendant or were committed outside the scope of employment.

7.  Defendant denies that it is liable for any conduct constituting race and/or gender discrimination and/or harassment.

8.  Plaintiff's claims and/or damages may be limited by the after acquired evidence doctrine.

9.  Defendant asserts the defenses of preclusion, waiver, estoppel, unclean hands and res judicata.

10.  Plaintiff is precluded by the doctrines of res judicata and/or collateral estoppel from asserting any claims herein that were or could have been asserted in Plaintiff's claims that were resolved by the Houston County Circuit Court's January 14, 2014 decision affirming the Personnel Board's June 20, 2013 decision regarding her discipline.

11.  Plaintiff has failed to mitigate her damages, if any, and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

12.  Defendant denies that it was motivated by unlawful animus when Defendant took employment action with regard to Plaintiff. Defendant asserts, however, that Defendant would have made the same employment decision(s) irrespective of any alleged unlawful motive. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775 (1989).

13. Even if Plaintiff's race or gender was a factor in Defendant's employment decisions (which Defendant denies), other factors would have led to the same decisions, regardless of Plaintiff's race or gender. *Mt. Healthy School District Board of Education v. Doyle*, 429 U.S. 274 (1977).

14. Defendant may not be held liable for punitive damages as Defendant has undertaken a good faith effort to comply with state and federal laws and has never acted with malice or with reckless indifference to Plaintiff's federally protected or related personal/civil rights. *See Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2122 (1999).

15. Plaintiff is not entitled to punitive damages under federal law.

16. With respect to any demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 S.Ct. 1589 (1996).

17. Plaintiff's claims are barred, in whole or in part, by the employment "at-will" doctrine.

18. Plaintiff's claims are frivolous, vexatious and designed to harass, coerce and intimidate and Defendant is entitled to recover all attorney's fees, costs and other expenses incurred in defending against this case.

19.    Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer and/or to avoid harm otherwise. *See Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998); *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998).

20.    Plaintiff's claims are barred, in whole or in part, because, at all relevant times, Defendant had anti-discrimination policies in effect and Plaintiff failed to avail herself of those policies and failed to bring her complaints to the attention of Defendant, and Defendant responded promptly and appropriately to any complaints of discrimination or harassment that were brought to its attention in accordance with Defendant's policy.

21.    Plaintiff is precluded from any recovery because she has not suffered any damages or any legally recognizable injury and/or the damages she seeks are speculative and not recoverable as a matter of law.

22.    To avoid waiver, the Plaintiff's claims are barred by state agent immunity, the doctrine of sovereign immunity, qualified immunity, and/or discretionary function immunity.

23.    To avoid waiver, Defendant asserts that it cannot be held liable under Section 1983 because Plaintiff has failed to allege a deprivation of rights committed by a person acting under color of state law.

24. To avoid waiver, Defendant is not a proper defendant under 42 U.S.C. Section 1983 as it is a state agency and entitled to Eleventh Amendment immunity.

25. To avoid waiver, Plaintiff's speech was not speech on a matter of public concern.

26. Defendant's interest in promoting efficient public services, police protection, governmental operations, order, loyalty, morale, harmony, public and inter-departmental trust, and a favorable reputation with the public outweighs Plaintiff's First Amendment rights.

27. To avoid waiver, Defendant would have reached the same employment decision(s) regarding Plaintiff even in the absence of her social media posts.

28. Plaintiff's racially-charged, offensive, controversial, and threatening social media posts are not subject to First Amendment protection.

29. Defendant did not violate Plaintiff's First Amendment rights.

30. Defendant denies allegations that it has violated the February 13, 1976 Consent Decree and demands strict proof thereof.

31. Defendant has acted in good faith to comply with the February 13, 1976 Consent Decree.

32.     Plaintiff may not assert a private cause of action for an alleged violation of a consent decree and as such, Count II of Plaintiff's Complaint is due to be dismissed.

33.     At the time of filing this Answer, Defendant has not completed discovery in this cause and respectfully reserves the right to amend this answer at a later date, up to and including time of trial.

Respectfully submitted,

*/s/ Stephanie H. Mays*
Chris Mitchell, Esq.
Stephanie H. Mays, Esq.
Maynard Cooper & Gale, PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
Email:        cmitchell@maynardcooper.com
Email:        smays@maynardcooper.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the <u>14th</u> day of <u>July</u>, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notification of such filing to the following:

Sonya C. Edwards
Edwards Law, LLC
121 Edenton Street
Birmingham, AL 35242
sonyaedwardslaw@gmail.com
Phone: 205-408-0956
Fax: 205-408-9236

Jeffrey W. Bennitt
Edwards Law, LLC
121 Edenton Street
Birmingham, AL 35242
Bennittlaw.aol.com
Phone: 205-408-7240
Fax: 205-408-9236

*/s/ Stephanie H. Mays*