# EXHIBIT
# F

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

IVAN KEITH GRAY, )
Plaintiff, )
)
vs. )   CIVIL ACTION NO:
)   1:14-cv-00592-MHT-SRW
CITY OF DOTHAN, )
Defendant. )

## DECLARATION OF DARRYL MATHEWS

I, the undersigned, Darryl Mathews, hereby swear or affirm that the following is true and correct based on my personal knowledge:

1.     My name is Darryl Mathews. I am over the age of twenty-one, I am of sound mind, and I am qualified to make this declaration. I understand that this declaration is being submitted in connection with a lawsuit filed against the City of Dothan ("City") by Ivan Keith Gray ("Gray").

2.     I have been employed by the City of Dothan for approximately 26 years. I am currently the Equal Employment Opportunity/Training Officer for the City of Dothan. As part of my job, I investigate complaints and/or reports of discrimination and/or harassment within the City.

1


Initials

3.     The City is an equal opportunity employer and is committed to making employment decisions, including recruiting, hiring, promoting, assigning job duties and terminating employees without regard to race or any other protected category. Attached hereto as Exhibit 1 is a true and correct copy of the City's Equal Employment Opportunity Policy.

4.     Guardian Tracking, the Police Department's performance-tracking software, is not typically used to submit complaints and/or reports of alleged discrimination and/or harassment because I do not have access to Guardian Tracking entries.

5.     On June 10, 2013, Personnel Director Delvick McKay ("McKay") forwarded me a copy of a Guardian Tracking rebuttal that Gray had submitted in response to an entry by Major Steve Parrish. A true and correct copy of the June 10, 2013 memo from McKay is attached hereto as Exhibit 2. On or about June 12, 2013, I received a request from Chief Greg Benton to conduct an investigation into Gray's complaints.

6.     A true and correct copy of the June 12, 2013 request I received from Chief Benton is attached hereto as Exhibit 3.

7.     On or about June 17, 2013, I notified Gray that I had received a copy of his Guardian Tracking rebuttal and that I was initiating an investigation. A true

2


Initials

and correct copy of the June 17, 2013 notice that I sent to Gray is attached hereto as Exhibit 4.

8.    I conducted an internal investigation regarding the statements made by Plaintiff in the Guardian Tracking report. As part of that investigation, I interviewed Chief Gregory Benton, Major Steve Parrish, Captain David Jay, Captain Stacy Robinson, Sergeant Donny Smith, Lieutenant Michael Etress, Officer Donald Petersen and Gray. At the conclusion of the investigation, I determined there was no evidence of discrimination and Gray's allegations were unsubstantiated.

9.    On or about September 18, 2013, I sent a memorandum regarding my findings to Gray. A true and correct copy of the September 18, 2013 memorandum I sent to Gray is attached hereto as Exhibit 5.

10.    That same day, I sent a more detailed report of my findings to Mike West ("West"), City Manager and McKay. A true and correct copy of the September 18, 2013 detailed report I sent to West and McKay is attached hereto as Exhibit 6.

Dated this **27** th day of March, 2015.

3

_DM_
Initials

Darryl Mathews
Darryl Mathews

4

Initials

# EXHIBIT
# 1



**THE CITY OF DOTHAN**
**DOTHAN, ALABAMA**

May 8, 2012

**STATEMENT OF EEO POLICY**

It is the policy of The City of Dothan to insure affirmative action in providing equal employment opportunities without regard to race, creed, religion, color, sex, age, handicapped persons or national origin, except where age or sex is a bona fide occupational qualification.

In the implementation of this policy The City of Dothan will, among other appropriate actions:

I.   Recruit, test, select, hire, train and promote personnel in all job classifications without regard to race, creed, religion, color, sex, age, handicapped persons or national origin, except where age or sex is a bona fide occupational qualification.

II.   Base employment decisions as to further insure the principle of equal employment opportunity to all.

III.   Base employment decisions as to further insure the principle of equal employment opportunity by imposing only valid and job-oriented requirements for promotional opportunities.

IV.   It is the announced policy that all personnel actions, such as compensation, fringe benefits, or promotional training, social or recreational programs will be administered without regard to race, color, sex, religion, age, creed, handicapped persons or national origin.

Periodic analysis, at least every twelve months, will be made by the Personnel Department to insure that personnel actions are in accord with the aims and stated objectives of this program.

MIKE SCHMITZ, Mayor
*Board of City Commissioners*

DELVICK J. MCKAY
*Personnel Director*

DARRYL MATHEWS
*EEO Officer*

cc:   Department Bulletin Boards
Mayor and Commissioners
City Manager
Department Heads
Personnel Board

CITY OF DOTHAN/GRAY 003979
CONFIDENTIAL

# EXHIBIT

# 2



THE CITY OF

# DOTHAN, ALABAMA

**CONFIDENTIAL**

POST OFFICE BOX 2128 · DOTHAN, ALABAMA 36302 · 334-615-3000

DELVICK J. McKAY
PERSONNEL DIRECTOR

PERSONNEL BOARD
BARBARA A. SPANN, CHAIR
MARY W. DAVIS
TIM SHIRLEY
MARK SMITH
EARL TYSON

# MEMORANDUM

TO          :    F. Darryl Mathews, EEO/Training Officer

CC          :    Michael K. West, City Manager
                 Gregory J. Benton, Police Chief

FROM        :    Delvick J. McKay, Personnel Director *Delvick J. McKay*

DATE        :    June 11, 2013

SUBJECT     :    Documents received by Captain Keith Gray
                 with anticipated EEOC and Federal Consent Decree
                 Complaints to be filed.

---

I received in my office on June 10, 2013; several documents from Captain Keith Gray including entries from Guardian Tracking (a documentation tool that the Police Department uses) outlining his intent to file a Title VII Charge of Racial Discrimination with the Equal Employment Opportunity Commission. Furthermore, Captain Gray also mentions that he believes such actions taken against him violate the Federal Consent Decree.

I am forwarding these documents to you and trust that you will investigate these matters with a sense of urgency to ascertain all facts in Captain Gray's complaint and to provide a report of your findings and recommendations to Greg Benton, Police Chief and myself.

Please follow your standard notification procedures to let the complainant know of your receipt of his complaint and begin your investigation as necessary. I certainly want to be sure if there is any validity to the concerns brought forward by Captain Gray that a workable solution is implemented as soon as possible.

If I can be of further assistance, please don't hesitate to let me know.

PERSONNEL DEPARTMENT

CITY OF DOTHAN/GRAY 000470
CONFIDENTIAL

By:   Captain Gray, Keith (344)          Entered:   6/9/2013

Guardian Tracking Rebuttal
Entry by Major Steve Parrish on 4/8/13

Personnel Director:

On April 7, 2013 I was examined by a physician at the Southeast Alabama
Medical Center whom determined that I had a fibular fracture to my left leg at
which I received medication for pain. I received instructions to follow up at
Southern Bone and Joint in order that my leg be placed in a cast. During this
time I had a previously made arrangements to relocate my father, whom has
dementia, from Bonifay (Florida) Nursing Home to the Veterans Affairs Hospital
located in Tuskegee, Alabama on 4/8/13. I made contact with Chief Benton's
Administrative Assistant regarding my injury as well as Chief Benton. After my
follow up appointment at Southern Bone and Joint on 4/9/13 I proceeded to
the Employee Health Clinic with paperwork of my treatment and to file Family
Medical Leave regarding my elderly father care as well as my medical issues. I
brought the appropriate paperwork to the police department and gave it to
Pam Deese and spoke with Chief Benton (Major Parrish was not in the
building). I was approved for Family Medial Leave and was directed not to
return to work for approximately 3 weeks. Once I returned to work and was
able to check guardian tracking I discovered that Major Steve Parrish had
submitted a negative Supervisor Miscellaneous Incident Report on me (See
Attached Report dated 4/8/13). Within this report Parrish addresses my
absence from duty and lack of communication with him regarding my injury. In
addition he mentioned the deployment of the Dignitary Protection Unit recently
and stated that Chief Benton was informed of the deployment and he was not.
Apparently this is what led to Parrish submitting this guardian tracking entry.
In response to this negative entry that will be added to my personnel file
within the Coaching portion of my Employee Performance Evaluation this
month I must explain issues between Parrish and I that I feel is harassment
from him that dates back to January of 2013. My intent is to file a Title VII
Civil Rights Act Violation regarding Racial Discrimination and Unlawful
Employment Practices complaint with the Equal Employment Opportunity
Commission as a result of Parrish's ongoing practices of deliberately treating
me indifferent. In my opinion he has also violated the Federal Consent Decree
that is currently in place.

On 1/17/13 Captain Jay came to my office and told me that I was needed in
the Chief's Office. Once there Major Parrish and Chief Benton were sitting down
and Parrish informed me of my transferred from the Patrol Services Bureau to
the Administrative Services Bureau. I asked why and was told that Captain
Robinson had health issues that they felt could be better managed if he
supervised a bureau that was the most self-sustaining. In addition I was told

 GuardianTracking

Page: 2 of 5

CITY OF DOTHAN/GRAY 000471
CONFIDENTIAL

that on occasion Captains would be transferred to all 3 bureaus for experience. I had already supervised the Administrative Bureau in the past so immediately I became suspicious at the timing of this transfer. I mentioned to Parrish that within the Administrative Bureau the Animal Control Division supervisor (Sgt. Woodruff) and I did not see eye-to-eye and we had prior issues. Parrish then said that she would just have respect that I was her supervisor and follow my directions. These were the only reasons I received from Parrish and Chief Benton. The transfer became effective on 1/27/13. Approximately 1 or 2 weeks later I entered Parrish's office and told him that my transfer, "Didn't pass the smell test." I felt that there were other reasons unknown to me that I had been transferred. He asked me to close his door and I asked if the recent department wide survey from employees had anything to do with my transfer and he said, "No". I then asked why I was transferred. The tone of his voice changed to chastisement as he began to accuse me of "micromanaging" and said that I had called for a, " three day investigation into an incident regarding Officer Peter Markow." I explained to Parrish in detail of several department and personnel violations (some of a major category) that Markow had committed during an incident where a suspect was apprehended. I advised Parrish that I met with several supervisors to determine if the department failed in training Markow prior to seeking disciplinary action in order to reduce liability. The suspect was a Black, Male and Parrish brought to my attention that the suspect plead guilty to the charges, and I responded that he was not represented by an attorney, and one of his charges were improperly brought by Markow. Next, Parrish accused me of not forwarding a polygraph report to Chief Benton once when he was looking for the results. I informed him that Lt. Roy Woodham was the person who assigns polygraphs and he has done so for several months. Parrish then described incidents where I was off-duty and came in contact with police officers. One of these such events I received a minor infraction for, however he mentioned another incident at Pocket's Lounge where I was threatened by a "Westside Boys Gang Member" as I was awaiting a to-go-order. Internal Affairs conducted an investigation into that incident and I was exonerated from any wrong doing. In that case I obtained a warrant for the arrest of the suspect instead of making an on-view arrest. I take offense to Parrish with this incident because I had to defend myself from being assaulted by 2 men much larger than I just because they discovered that I was an off-duty police officer and they became aware of that through other patrons of the establishment. Another incident that Parrish mentioned was that I assisted the owner of a local lounge in detaining a suspect that had counterfeit money and an illegal firearm until officers could arrive and make several felony charges. Usually this is something that an officer would normally receive praise for, but Parrish seems determined to chastise me for any small thing that he can. Parrish then told me that I, "... should not be out at 2:30 AM." I again took offense to Parrish's attempt to dictate where I go and what time that he feels I need to be at my residence during my off-duty private time. I then proceeded to inform Parrish that he needed tell juveniles what time to be in bed because I am an adult. In addition I told Parrish that he is not without fault as it relates to his job as a Major with this department. I explained that I know that he just does not like me as a person, and it is readily apparent by employees of this department that he deliberately treats



GuardianTracking

CITY OF DOTHAN/GRAY 000472
CONFIDENTIAL

his close employee friends, some of which are in the organization "Sons of Confederate Soldiers" that Parrish has been a leader of, with more respect and favor than others. I told him that as a supervisor it was incumbent that he not show favoritism for some employees more so than other employees. He then said that maybe he needed to re-evaluate himself in that area. I have been employed with this department for over 28 years and in my opinion based on things that I have witnessed, Parrish has always been part of the "Good ol Boys" and it appears that he still subscribes to this practice. At the end of this discussion Parrish told me that he was monitoring me and that he was going to see if I let it. Nelms supervise without me micromanaging him. Since this conversation between Parrish and I he has removed my authority as a Bureau Commander by transferring division supervision from me to a Lieutenant Rank, as well as transferring divisions that would be under my command to be supervised by himself (Communications Division & Training Division). Parrish has created a position of "Administrative Services Bureau Supervisor" which is now the rank of Lieutenant in order to circumvent my authority. This has resulted in the alteration of the department's organizational chart which removes me, (Black, Male) from authority over my bureau and places it at the Lieutenant's level (White, Male). The other two Captains, (White, Male) still retains their authority over the other two bureaus without limitation, and does not have a "bureau supervisor" at the rank of Lieutenant.

Major Parrish has intentionally failed to make several guardian tracking entries that would be favorable for me, however he consistently makes favorable guardian tracking entries for other employees (mostly White) that seem minor. An example of that is Parrish made a favorable guardian tracking entry of an employee taking the assignment to drive newly purchased police vehicles to Dothan from another city. On the other hand Parrish failed to recognize me for: (1) Finding an Executive Protection School for several employees at no cost to the city. (2) Receiving a Commendation from the Governor of the State of Alabama for a recent Kidnapping Case. (3) Working on the kidnapping case without receiving additional compensation since I am a fixed salary. (4) Executive Protection Detail of Governor Robert Bentley during a recent economic announcement in Dothan.

Parrish has not communicated with me since our heated exchange on 1/17/13 where he falsely accused me of micromanaging and not turning in work that was not my responsibility at the time. I have since discovered that another reason for my transfer was indeed for some comments within the survey. I was not given an opportunity to address any of the above mention concerns prior to my transfer. So Parrish's negative guardian tracking regarding my lack of communication with him is hypocritical to say the least. I request to be removed from Parrish's chain-of-command due to his affiliation with Sons of Confederate Soldiers (See Attached Photo), false statements he has made to me, and absolutely no confidence I have in his ability to treat me equally as others within the department. I have two witnesses that have overheard Parrish inquiring as to the whereabouts of Captain Jay when he was absent from work recently, also with a leg injury. I feel certain that he has not written a negative guardian tracking entry such as mine on Jay. I have told Chief Benton as well as Major Parrish that due to his (Parrish's) actions I feel as if he

 GuardianTracking

CITY OF DOTHAN/GRAY 000473
CONFIDENTIAL

does not have my best interest in mind as it related to my position with this department, nor as a citizen of this city. For the record, Parrish cannot speak on my behalf, nor does he represent me in any way due to false statements that he has misrepresented me on. This guardian tracking entry is just another method for Parrish to discriminate on me as an African American due to the position of authority. The attached photocopy depicts Major Parrish with several former and present police department employees who receive preferential treatment, some of who were re-assigned to work directly under Parrish instead of me. The Federal Consent Decree prohibits Parrish from treating me the way he has over several months and I refuse to be subjected to this humiliation any longer.

Captain Keith Gray

cc: Chief Gregory Benton

 GuardianTracking

Page: 5 of 5

CITY OF DOTHAN/GRAY 000474
CONFIDENTIAL

# Incident Report
## Dothan Police Department

6/10/2013

## Supervisor Miscellaneous

For: Captain Gray, Keith (344)         Occurred: 4/8/2013
By:  Major Parrish, Steve (337)        Entered:  4/8/2013

I had a few inquires this morning as to your whereabouts. It was not until I received an
e-mail from the Chief that I knew you were out due to an off duty injury. As I have informed
all captains in the past, I encourage you to communicate with the Chief freely. I do however,
expect you to also communicate things such as an absence from duty with me. I bring this to
your attention, because there seems to be a pattern developing with your lack of
communications with me.

Another example was with the latest deployment of the Dignitary Protection Unit and a
correspondence from you directly to the Chief, omitting me. You must know that he and I
communicate several times daily. He sends me correspondents from all the captains if he
does not see my name on them (If these thing pertain to the operations of this Department).
I know at one point you said you were not comfortable with communicating with me.
Nevertheless, as your supervisor I expect to be informed with things that relate to the
operations of this Department.

 GuardianTracking

Page: 1 of 5

CITY OF DOTHAN/GRAY 000475
CONFIDENTIAL



CITY OF DOTHAN/GRAY 000476
CONFIDENTIAL

# EXHIBIT

# 3



## THE CITY OF
# DOTHAN, ALABAMA

POST OFFICE BOX 2128 • DOTHAN, ALABAMA 36302 • 334-615-3000

GREGORY J. BENTON
CHIEF OF POLICE

## MEMORANDUM

TO:   Darryl Mathews, EEO

FROM:   Gregory J. Benton, Chief of Police

DATE:   June 12, 2013

SUBJECT:   Request for Investigation

The attached is a request from Major Steve Parrish requesting an investigation. He is asking that accusations by Captain Keith Gray be looked into due to the nature of the accusations. Captain Gray is accusing Major Parrish of being a "good ole boy" and showing favoritism. He is also accusing Major Parrish of being a liar and a racist. Major Parrish states, in his memorandum to me, that he is offended and hurt by these accusations.

These accusations are very detrimental to our agency and I am asking that this entire matter be investigated with due diligence. I am asking for this to be investigated outside the department due to the sensitivity and nature of the complaints by Captain Gray.

Gregory J. Benton
Chief of Police

GJB/pd

Attachment

cc: Delvick McKay, Personnel Director
    Michael K. West, City Manager

## POLICE DEPARTMENT

210 NORTH SAINT ANDREWS STREET • DOTHAN, ALABAMA 36303 • 334-615-3601
Benth.jpd@dothan.org

CITY OF DOTHAN/GRAY 000486
CONFIDENTIAL

# EXHIBIT

# 4



City of Dothan
Alabama

F. Darryl Mathews
EEO/Training Officer

## MEMORANDUM

TO:      Captain Keith Gray, Dothan Police Department

FROM:    F. Darryl Mathews, EEO/Training Officer

DATE:    June 17, 2013

SUBJECT: Notification of EEO Investigation

Please be advised that my office is in receipt of your document (Guardian Tracking Rebuttal
Entry by Major Steve Parrish) submitted on June 10, 2013 to Delvick McKay, Personnel
Director.

The content of this document implies Title VII violations have occurred against you and
outlines your intent to file a Title VII Charge of Racial Discrimination with the (EEOC) Equal
Employment Opportunity Commission.

The document further states you believe that actions taken against also violate the Federal
Court Consent Decree of 1976.

As the City's EEO/Training Officer, my office will initiate an investigation in this case to
ascertain the facts and present my findings and recommendations. I assure you my office will
perform its due-diligence and afford you your due process rights as an employee with the
Dothan Police Department.

cc: Mike K. West, City Manager
    Greg Benton, Police Chief
    Delvick J, McKay, Personnel Director

CITY OF DOTHAN/GRAY 000919
CONFIDENTIAL

# EXHIBIT

# 5



# City of Dothan
# Alabama

F. Darryl Mathews
EEO/Training Officer

## MEMORANDUM

**TO:**      Captain Keith Gray, Dothan Police Department

**CC:**      Michael K. West, City Manager
Delvick McKay, Personnel Director
Greg Benton, Dothan Police Chief

**FROM:**    F. Darryl Mathews, EEO/Training Officer

**DATE:**    September 18, 2013

**SUBJECT:** Findings of EEO investigation of alleged racial discrimination and Federal
Consent Decree violations against (supervisor) Major Steve Parrish, Dothan
Police Department

Captain Gray, on June 9, 2013, you entered your Guardian Tracking rebuttal to (supervisor)
Major Steve Parrish's April 8, 2013 Guardian Tracking Incident Report regarding the execution
of your job. (Copies of the Guardian Tracking Rebuttal dated 6/9/2013 and Guardian Tracking
Incident Report dated 4/8/2013 are attached.)

This Guardian Tracking document was submitted to Personnel Director, Delvick McKay, on June
10, 2013 to be placed in your personnel file. Captain Gray, you stated in this document, your
intent to file Title VII charges with the Equal Employment Opportunity Commission (EEOC)
against Major Parrish for Racial Discrimination. This Guardian Tracking rebuttal further stated
that you believed Major Parrish violated the City's Federal Consent Decree currently in place. (A
copy of this document is attached.) Consequently, on June 17, 2013, my office launched an
investigation after receiving this document and notified all parties involved.

### Abbreviated Summary
This investigation covered the same three (3) areas you addressed in your Guardian Tracking
rebuttal. Those areas are as follows: (1) alleged lack of communication with (supervisor) Major
Steve Parrish; (2) Alleged disparate treatment in your re-assignment to the Administrative
Bureau; and (3) Allegations of micro-managing the Patrol Services Bureau.

CITY OF DOTHAN/GRAY 000921
CONFIDENTIAL

Those interviewed in this investigation were: Greg Benton-Police Chief; Steve Parrish-Major; David Jay-Captain; Stacy Robinson-Captain; Keith Gray-Captain; Donny Smith-Sergeant; Mike Etress- Lieutenant; and-Donald Peterson-Police Officer.

The facts in this investigation have been about incidences of micro-managing the Patrol Services Bureau while under your command. It has also been about incidence of lack of communication with superiors, and Captains' assignments in the police department.

As you know, assignments and/or re-assignments are at the discretion of Police Chief Greg Benton. The chain of command and assignments are standard practice in the Para-military structures like the Dothan Police Department. These assignments are made out of a business necessity and/or operational purposes.

The facts in this investigation do not show racial discrimination as a factor in the areas addressed in your Guardian Tracking Rebuttal. The facts are: you are one (1) of three equally ranking members of the Dothan Police Department Administrative Staff.

In addition to being a Police Captain over the Administrative Services Bureau, you have specialty operational assignments at a high level of importance in the Dothan Police Department. These special assignments are worthy of mentioning and are as follows: Helicopter liaison for air operations with the Dale County Sheriff Department, Coordinator for Dothan Police Department Bomb Squad, and liaison for the Dothan Police Department Executive Dignitary Protection Team. You are also the liaison for mutual aid requests between the Dale County Sheriff and Dothan Police Department. The Bomb Squad, also under your command, has mutual aid agreements and responds to calls for service throughout the Wiregrass Area. Last, the Executive Dignitary Protection Team is a very prestigious assignment under your command with the Dothan Police Department and is responsible for the protection of dignitaries visiting the City of Dothan. You have been given exceptional opportunities to excel and much responsibility has been placed under your command.

Findings

Your allegations of Racial Discrimination against Major Steve Parrish are unsubstantiated. Also, there are no violations of the City's Federal Court Consent Decree, currently in place.

FDM/lam
Attachments (3)

CITY OF DOTHAN/GRAY 000922
CONFIDENTIAL

# EXHIBIT

# 6



# City of Dothan
# Alabama



F. Darryl Mathews
EEO/Training Officer

## MEMORANDUM

**TO:**        Mike K. West, City Manager
               Delvick McKay, Personnel Director

**FROM:**      F. Darryl Mathews, EEO/Training Officer

**DATE:**      September 18, 2013

**SUBJECT:**   EEO Investigation of Alleged Racial Discrimination and Federal Consent Decree
               violations against (supervisor) Major Steve Parrish, Dothan Police Department

On June 9, 2013, Captain Keith Gray entered his Guardian Tracking rebuttal to (supervisor) Major Steve Parrish's April 8, 2013 Guardian Tracking Incident Report regarding communication/job performance issues. (A copy of the Guardian Tracking Rebuttal and Guardian Incident Report is attached).

The Guardian Tracking rebuttal was submitted to Personnel Director, Delvick McKay, on June 10, 2013 to be placed in Captain Gray's personnel file. This document also mentioned his Intent to file Title VII charges with the Equal Employment Opportunity Commission (EEOC) against Major Parrish for Racial Discrimination.

Captain Gray further believed Major Parrish violated the City's Federal Consent Decree, currently in place. After receiving this document, on June 17, 2013, my office launched an investigation and notified all parties involved.

Dothan Police Department Organizational Structure

There are 170 sworn Police Officer positions, three (3) police bureaus, and five (5) specialty units (Bike, Bomb, K-9, Narcotics, and SWAT) in the Dothan Police Department. The Police Bureaus report directly to the position of Major. The bureaus are headed by Captains as follows: Administrative Services- Keith Gray, Patrol Services David Jay, and Investigative Services- Stacy Robinson.

CITY OF DOTHAN/GRAY 000596
CONFIDENTIAL

....

In this organizational structure, the Major reports directly to Chief of Police Greg Benton. One essential function of the Major's position is to plan, program, direct, and evaluate the operation of assigned areas of responsibility inside the Dothan Police Department.

## CALEA

The Dothan Police Department also operates under a CALEA Accreditation Program. The purpose of ꞏ ꞏ ꞏ ꞏ ꞏꞏ ꞏ ꞏ ꞏ ꞏ ꞏ ꞏꞏ ꞏ ꞏ is to improve the delivery of public safety services, primarily by: maintaining a body of standards, developed by public safety practitioners, covering a wide range of up-to-date public safety initiatives; establishing and administering an accreditation process; and recognizing professional excellence.

Specifically, CALEA's goals are to:

- Strengthen crime prevention and control capabilities;
- Formalize essential management procedures;
- Establish fair and nondiscriminatory personnel practices;
- Improve service delivery;
- Solidify interagency cooperation and coordination; and
- Increase community and staff confidence in the agency.

Under CALEA, the Dothan Police Department implemented a Guardian Tracking Program. This software program tracks performance, personnel behavior, and early intervention in the law enforcement industry.

The Commission of Accreditation for Law Enforcement Agencies (CALEA) calls it early warning. A comprehensive Personnel Early Warning System does just what the name implies. It identifies agency employees who have developed a pattern of behavior that indicates that agency intervention efforts may be necessary. The key to all of this is the word "early". Identify a pattern of behavior early, before it becomes serious.

The CALEA standard that mandates a Personnel Early Warning System says that an agency should not be faced with investigating an employee for a serious case of misconduct only to find there was an escalating pattern of less serious misconduct, which could have been abated through intervention.

## Introduction

This investigation covers the same three (3) areas Captain Gray addressed in his Guardian Tracking rebuttal. They are as follows: (1) alleged lack of communication with supervisor (Major Steve Parrish); (2) alleged disparate treatment in the assignment of Captain Gray to the

CITY OF DOTHAN/GRAY 000597
CONFIDENTIAL

Administrative Bureau; and, (3) allegations of micro-managing the Patrol Services Bureau. Please note Chief Greg Benton also addressed these areas in a statement provided to my office. (A copy of Chief Benton's statement is attached)

Those interviewed in this investigation were Greg Benton-Police Chief; Steve Parrish-Major; David Jay-Captain; Stacy Robinson-Captain; Keith Gray-Captain; Donny Smith-Sergeant; Mike Etress-Lieutenant; and Donald Peterson-Police Officer.

Captain Keith Gray alleged lack of communication with (supervisor) Major Steve Parrish

There were three (3) incidents involving Captain Gray's alleged failure to communicate with Major Parrish and Police Chief Benton: two (2) of them dealt with inquiries into his whereabouts on April 8th and 9th of 2013; and, one (1) involved micro-managing police officers at Eton's Lounge while they were engaged in drug surveillance. Two (2) of these incidents resulted in Internal Affairs investigations with the Police Department. The incident when micro-managing was alleged to have occurred will be addressed in a latter portion of this report.

On Saturday April 6, 2013, Captain Gray suffered a leg injury. He was treated at the Southeast Alabama Medical Center emergency room in the early AM. hours of Sunday morning April 7, 2013. He was instructed to follow-up with Southern Bone and Joint on his injury the next day.

On Monday April 8, 2013, Major Parrish made a Guardian Tracking entry/Incident Report inquiring into Captain Gray's whereabouts. This report suggested Captain Gray failed to inform him about this leave of absence on that date. The Incidence Report also indicated that Captain Gray also failed to communicate the latest deployment of the Dignitary Protection Unit.

An email dated April 5, 2013 from Captain Gray was sent to Chief Greg Benton and Major Parrish requesting leave on April 8, 2013. The email also stated he was taken the remainder of that day off. The success of the latest deployment of the Dignitary Protection Unit with Governor Bentley was addressed in the email. (A copy of Captain Gray's April 5 email is attached)

On Tuesday April 9, 2013, there were a series of emails between Major Parrish and Chief Benton about Captain Gray's whereabouts. Captain Gray stated he texted Chief Benton about his leg injury and appointment with Southern Bone and Joint that day. Chief Benton said he did not recall receiving the text from Captain Gray. A search for the text by Robb Meredith, Interim Information Technology Director, only showed Chief Benton received several texts that day but none of them showed content or telephone numbers. I emailed Captain Gray and asked him if he texted Major Parrish. Captain Gray did not responded to my email but did receive it. He further said the EEOC advised him to stop talking to me. Therefore, it is not known if Captain Gray has the text sent to Chief Benton. If not, his absence wasn't known until he presented his paperwork and physician orders to the department's secretary on the same day he provided the City's nurse with information of his injury, and physician's orders. He also

CITY OF DOTHAN/GRAY 000598
CONFIDENTIAL

applied for FMLA leave in the Personnel office per physician orders. This was done sometime after 11:00 a.m. but prior to either Chief Benton or Major Parrish having knowledge of Captain Gray's whereabouts. This is apparent from the series of emails between Chief Greg Benton and Major Steve Parrish on April 9th. (A copy of these emails is attached.)

This conduct is unacceptable and Captain Gray should have texted Major Parrish (supervisor) instead of Chief Benton. Calls to Captain Gray should have been made by Major Parrish earlier to locate him instead of the email exchange between them. For better communication in the future, on August 9, 2013, Police Chief Benton issued a memorandum to all personnel addressing the department's Leave Procedure. (A copy of the Leave Procedure is attached)

Communication is the paramount issue here. Interestingly enough, I was informed that structured communication among Captains and Major Parrish is sporadic to non-existent. Interviews revealed that communication is done in crisis situations or on a needed basis. The absence of structured communication with staff was further substantiated by Major Parrish and Police Chief Benton.

Communication is a two-way process and some type of structured communication is imperative in the workplace. Staff meetings are the norm in most business, regardless of industry. Staff meetings give employees and company leaders an opportunity to touch base on where projects stand, explore developments, resolve problems, and enhance communication with staff.

These meetings also allow supervisors to manage operations, evaluate staff performance, address employee issues, and behavior in the workplace etc. Staff meetings are in keeping with the department's accreditation goals and standards. Other forms of communication, i.e. telephone, email, text, and memos serve a specific purpose but do not replace structured communication in the workplace.

As a supervisor, it is imperative that structured channels of communication with staff occur to track performance and management of their operation. Staff meetings, individually and collectively, could be held, or at least monthly reporting should be required by Captains. Structured channels of communication, policies, and procedures are what the CALEA accreditation was purposed to achieve.

At the time of the following incidents, Captain Gray was in charge of the Patrol Division. The Patrol Division consists of police officers that are dispatched from Communications or E-911. It was alleged that Captain Gray failed to communicate to his supervisor or the Police Chief about his involvement while off-duty during these incidents:

### Excerpts from Pockets Lounge Incident

In the early morning hours of November 25, 2012, Dothan Police Officers were dispatched to Pockets Lounge. Captain Gray was off-duty and was ordering food there. He said a couple of

Memo to Mike West and Delvick McKay re: Captain Keith Gray allegations
September 18, 2013
Page 5 of 10

guys saw him and knew he was a Dothan Police Officer. He further said these guys were trying
to pick a fight with him. Because of his fear of harm from the guys' who were twice his size, he
drew his gun down to his side and backed out of the club to call Police, but left.

Approximately two (2) days later, Captain Gray talked with Judge Gordon about the incident.
He discovered these guys worked at the Piggly Wiggly Store. He then asked Sgt. Jeff Garrett to
accompany him there after explaining to him what had transpired. His purpose for going there
was to verify the suspect's identity in order to obtain a warrant for his arrest. The suspect filed
a complaint against Captain Gray which was investigated by Dothan Police Department
Internal Affairs Division. Internal Affairs exonerated Captain Gray of any wrong doing.
However, Captain Gray failed to inform his superiors of the incident. (A copy of the Pocket
Lounge Incident Report is attached) ·

### Excerpts from Legacy Lounge Incident

On January 22, 2013, Dothan Police Officers were dispatched to Legacy Lounge to investigate a
patron was using counterfeit twenty dollar bills. Randall Carroll was identified as the patron
using counterfeit money with the same serial numbers to buy drinks. While there, police
officers made contact with Captain Gray who informed them that he searched Randall Carroll's
pockets for more counterfeit money. While searching the suspect, he pulled a pistol out of his
pocket. The officer responding said Captain Gray left after making contact with him. Officer
Donald Peterson said this incident occurred about 3:00 a.m. Officer Peterson said Captain
Gray did nothing wrong but he would have handled this incident differently. Captain Gray
failed to communicate with his superiors about this incident. (A copy of the Incident Report on
Legacy Lounge is attached.)

### Allegation of Captain Gray's micro-managing Patrol Bureau

### Excerpts from Eton's Lounge Incident

On January 26, 2012, Police Officers conducted drug surveillance at the Eton's Lounge.
Captain Gray was there and off-duty. During the course of this surveillance, Officer Truitt
noticed an underage minor enter the club. Captain Gray was told by the owner (who he has
known for years) that the Police Officers were harassing his patrons. Captain Gray was also
told that police officers escorted the underage minor out of the lounge and detained another
person from coming inside the establishment. This incident occurred when Captain Gray was
Captain of the Patrol Division which oversees police officers in the field. Captain Gray
supposedly summoned the security guard to have Officer Truitt come talk to him. He asked
Officer Truitt if they were finished why they weren't leaving.

Captain Gray clearly acted as a supervisor while off-duty and having consumed at least three
beers. His actions resulted in a complaint being filed by Officer Truitt, who is African American
and a subsequent Internal Affairs' investigation. Internal Affairs investigators were told by
Officer Truitt that Captain Gray spoke to him with anger, slurred speech, and disrespect

CITY OF DOTHAN/GRAY 000600
CONFIDENTIAL

without cause.  Officer Truitt was appalled by Captain Gray's unfair treatment, interference in police matters, and actions as a supervisor while off-duty and after having consumed alcohol.

Other Police Officers accompanying Officer Truitt were advised by Captain Gray that they should stay clear of him because the early warning system identified multiple complaints against him. The allegation of multiple complaints on Officer Truitt did not exist.  However, it was noted that Officer Truitt had problems retaining information when putting cases together.

At a later time, Captain Gray directed Lieutenant Will Benny to re-assign these police officers, including Officer Truitt, to another zone without cause.

In their taped interview, Internal Affairs investigators asked Captain Gray if he was acting as the supervisor. Internal Affairs also asked Captain Gray if he directed Lieutenant Benny to reassign Officer Truitt to the eleven zone.  He replied "yes".  Captain Gray was also asked, if, when he made the call, was he acting in the capacity of a supervisor. He said that was a "no brainer, it couldn't be anything but that".

Clearly, Captain Gray's conduct was unbecoming because he was off-duty consuming alcohol and inappropriately acted as a supervisor. He further undermined subordinate officers in the field and retaliated against them by requesting they be re-assigned. Captain Gray's actions resulted in formal counseling under the City's Personnel Rules and Regulations.  He was charged with violation of City of Dothan Personnel Rules and Regulations, Sec. 2-41. (11). Improper use of, or failure to exercise, supervisory authority and responsibility.

In the future, no Dothan Police Officer, regardless and rank, should intervene in official police business while off-duty and/or under the influence of alcohol. The on-duty supervisor should be contacted to handle any complaint by an off-duty officer. Captain Gray was also placed on a Performance Improvement Plan for his action by the department. (A copy of Internal Affairs Report at Eton's Lounge, Police Officer Taiwan Truitt's Complaint, and Captain Gray's Performance Improvement Plan is attached).

### Police Officer Peter Markow Incident

This incident also occurred while Captain Gray was commander of Patrol Services. Major Parrish noted in his Guardian Tracking entry as another example of Captain Gray micro-managing by initiating a several day investigation into Officer Markow's traffic stop on November 16, 2012.  Again, Captain Gray should have asked one of his lieutenants to investigate this incident and report his findings.  It appears that Captain Gray felt his involvement was necessary because there were mitigating circumstances and possible civil rights and personnel violations in this incident involving this officer.

While none of those involved in this incident have filed a complaint, the City of Dothan has been placed a notice by Captain Gray's Guardian Tracking entry and should call for an investigation. It is important to note that this officer received a written warning and remedial

CITY OF DOTHAN/GRAY 000801
CONFIDENTIAL

training from this incident. My concerns are that the written reprimand does not address the severity of the Police Officer's action. Therefore, it is recommended that further investigation should be conducted into Officer Markow actions. Additionally, I have been told by Magistrate staff that a considerable amount of Officer Markow's cases are thrown out in Municipal Court. (A copy of Officer Markow's written counseling (oral) is attached)

Further claims of Captain Gray's micro-managing were reported to Captain David Jay by patrol supervisors when he was assigned to the Patrol Services bureau on January 27, 2013. He said police officers felt like they could not perform their jobs effectively because of Captain Gray's micro-managing. He further elaborated that they felt "smothered" by his management style. (A copy of Captain David Jay's August 14, 2013 letter is attached).

**Alleged Disparate Treatment in the re-assignment of Captain Gray to the Administrative Bureau**

According to Captain Gray, the conflict between him and Major Parrish dates back to January 2013. He believes it is based on race. Captain Gray feels the conflict between them was precipitated by off-duty incidents in social settings he was patronizing and to which police officers were dispatched. He also believes Major Parrish's questioning of his off-duty/personal life was inappropriate.

Again, Captain Gray was commander of the Patrol Division where micro-managing staff was alleged to have occurred. Major Parrish and Chief Benton stated that IA (Internal Affairs) investigators or subordinate police officers informed them of Captain Gray's involvement in off-duty incidents. They expressed concern because of Captain Gray's position as commander of the Patrol Services and who supervised the police officers responding to these incidents. He is also one of three highly ranked members of the Police Department's Administrative Staff.

Captain Gray believed the lounge incidents, climate survey, co-workers' illness, and disparate treatment by (supervisor) Major Parrish are reasons he was re-assigned to the Administrative Bureau. Interviews with Chief Benton said that some of the above reasons were taken into consideration but weren't the deciding factors. Assignments are at the discretion of the Police Chief. These actions are made out of a business necessity and/or for operational purposes.

Captain Gray has held to the premise that Major Parrish treats him differently from other captains because he is African-American. Captain Gray also alluded to the fact that Major Parrish treated Captain Jay differently and suggested he be interviewed. If this was the case, then Captain Gray's allegation of racial discrimination would not be valid.

Captain Jay was interview and stated that he did not feel Major Parrish treated him differently than other captains. He further stated that he does not have a problem with Major Parrish. Captain Jay did say he had a "run-in" with Major Parrish under former Police Chief John White's administration. (See Captain Jay's August 14, 2013 letter)

CITY OF DOTHAN/GRAY 000802
CONFIDENTIAL

Memo to Mike West and Delvick McKay re: Captain Keith Gray allegations
September 18, 2013
Page 8 of 10

Administrative Services Lieutenant Assignment

Captain Gray also alleges that Major Parrish reduced his span of control and created an
Administrative Services Lieutenant when he was re-assigned to the Administrative Bureau. This
organizational change was actually talked about and created under the previous Commander
of Administrative Bureau, Stacy Robinson. (See Captain Stacey Robinson August 6, 2013 letter
attached)

This organizational change was taken to maintain the proper command structure of the
Administrative Bureau. The previous Administrative Bureau commander (Captain Stacey
Robinson) had direct supervision of subordinate staff members of the aforementioned
divisions. This re-alignment positioned a lieutenant to supervise subordinates instead of a
captain. This action was implemented on April 6, 2 012 and discussed with Captain Gray who
acknowledged receipt of this memorandum the same day. Chief Benton signed off on this
business necessity on April 6, 2012 appointing Lieutenant Mark Nelms. There was also a
memorandum dated from Chief Benton April 5, 2013 seeking Police Lieutenant's for the
Administrative Lieutenants' assignment to apply by April 12, 2013. Chief Benton on April 15,
2012 provided a letter concerning the transfers of three lieutenants' and one corporal's
assignments. In this memorandum, Mike Etress was selected for the Administrative Services
Lieutenant's assignment. The aforementioned divisions are now under Captain Gray's
command but not his direct supervision. Direct supervisions of these divisions are now the
responsibility of the Administrative Services Lieutenant, Mike Etress who reports directly to
Captain Gray. (See Captain Robinson aforementioned August 6, 2013 letter regarding
Administrative Services Lieutenant, Chief Benton April 5, 2013 letter seeking candidates for
Administrative Lieutenant assignment, Chief Benton April 15 letter assigning Mike Etress
Administrative Lieutenant, and Chief Benton's April 12, 2012 letter assigning Mark Nelms to
Administrative Lieutenant when it was created by Captain Robinson).

Communication and Training Division Issue

Captain Gray states when he was assigned Captain of Administrative Services Bureau,
Communication and Training Division was removed from his command and placed under
Major Parrish. In a memorandum to Chief Benton, Major Parrish stated that he wanted to
evaluate how Captain Gray supervised Records Division, Animal Services, and the Detention
Facility. He wanted to monitor to see if he could avoid over-managing those three divisions
and not have delays in paperwork as in the past. (A copy of Major Parrish's letter dated May
22, 2013 to Chief Benton requesting a plan from Captain Gray to organize and structure the
Communication Center, Training Division, and Quartermaster is attached).

Captain Gray was advised to work out the details of how he wanted to organize the structure
of those areas and forward it to him for review. Captain Gray, as of the date of this
investigative report, has failed to provide the plan requested by (supervisor) Major Parrish. (A

CITY OF DOTHAN/GRAY 000803
CONFIDENTIAL

copy of Major Parrish letter dated January 23, 2013 regarding conference with Captain Gray is attached)

It is apparent there are issues with the command structure with Communication and Training and the Quartermaster. The issue with Records, Animal Services, and the Detention Facility previously mentioned has been resolved with the proactive thinking of Stacy Robinson. This resulted in the assignment of an Administrative Services Lieutenant for oversight of those divisions.

There is an equally important business necessity to address the command structure with Training, Communication and the Quartermaster. There is also a need to review the organizational structure of Captains for operational efficiency resulting from growth, workload issues, and CALEA accreditation for better continuity within the Dothan Police Department.

Conclusions

Captain Gray has alleged racial discrimination against Major Parrish because he is African American. He contends that Major Parrish subscribes to the "good ole boy" way of thinking which is predicated on race. He further feels that this thinking is validated by Major Parrish affiliation and/or membership in the Sons of Confederate Soldiers Organization. Major Parrish stated in his interview that he is no longer a member of the aforementioned organization.

Culturally speaking, some African Americans feel that Sons of Confederate Soldiers Organization's purpose is to preserve confederate history and /or the legacy of confederate soldiers, validates slavery. African Americans disdain for the confederate flag validates their belief that those affiliated with the Sons of Confederate Soldiers believe slavery was southern economics.

However, we cannot assume or believe literally that every member of the organization subscribes to the "good ole boy" mentality or that their purpose is anything other than to preserve the legacy of their love ones. Perhaps some non-minorities might feel the same way about the NAACP or other minority organizations. The facts are the Sons of Confederate Soldiers' organization is not a hate group according to the Southern Poverty Law Center. The Southern Poverty Center is nationally known organization that monitors and prosecutes hate groups throughout the country.

Finally, this investigation has been about Captain Gray's micro-managing, lack of communication with superiors, and captain-assignments in the police department. The chain of command and assignments are standard practice in Para-military structures like the Dothan Police Department. Equally important, this investigation has also been about the lack of structured communication that serves to enhance communication with staff. It is also about accountability and leadership of a high-ranking captain in a management position.

CITY OF DOTHAN/GRAY 000804
CONFIDENTIAL

The facts do not show Captain Gray's race was an issue in this investigation. The facts do not show that there was disparate treatment in assignments because of race. The facts show Captain Gray micro-manages and failed to communicate incidents reported in this investigation to his superiors.

It is important to note that Captain Gray has a number of specialty operational assignments at a high level of importance in the police department. These special assignments are worthy of mentioning and are as follows: Helicopter liaison for air operations with the Dale County Sheriff Department, Coordinator for Dothan Police Department Bomb Squad, and liaison for the Dothan Police Department Executive Dignitary Team. In his position with helicopter air operations, he serves as the liaison for mutual aid requests the Dale County Sheriff Department and the Dothan Police Department. With the Bomb Squad, he coordinates mutual aid agreements for calls for service throughout the Wiregrass Area. Last, the Executive Dignitary Protection Team is a very prestigious assignment for the Dothan Police Department and is responsible for the protection of dignitaries visiting the City of Dothan.

Captain Gray has been given exceptional opportunities to excel and much responsibility has been placed under his command. Captain Gray is one of three equal-ranking members of the Dothan Police Department's Administrative Staff. (A copy of the City of Dothan Federal Consent Decree is attached for reference as to equality in assignments.)

Findings

Captain Keith Gray's allegations of Racial Discrimination against Major Steve Parrish are unsubstantiated. Also, there are no violations of the City's Federal Court Consent Decree, currently in place.

Recommendations

The following are recommendations for the City of Dothan Police Department:

(1) Review of the organizational structure for captains should be considered for operational efficiency resulting from workload issues, growth, and CALEA accreditation for better continuity in the Dothan Police Department;

(2) Review of the organizational structure to comply with the Dothan Department General Order 100-05;

(3) Structured communication i.e. staff meetings and/ or monthly report be implemented by Major Parrish with captains;

(4) An investigation into the traffic stop involving Officer Markow be conducted; and

(5) The police department should refrain from using Climate Surveys to make administrative decisions.

FDR:lam

CITY OF DOTHAN/GRAY 000605
CONFIDENTIAL