IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAEMONICA CARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:14-CV-392-WKW |
| | ) | [WO] |
| CITY OF DOTHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Alter, Amend, or Vacate the Decree, or, in the Alternative, Motion for a New Trial (Doc. # 86), to which Defendant filed a response (Doc. # 88). Upon consideration of the record, the arguments of counsel, and the relevant law, the motion is due to be denied.

### I. BACKGROUND

The facts giving rise to this case were recounted at length in the Memorandum Opinion and Order granting Defendant City of Dothan's motion for summary judgment. (Doc. # 84.) Briefly, Plaintiff Raemonica Carney ("Carney") brought this action alleging employment discrimination, violation of a consent decree, deprivation of First Amendment rights, and hostile work environment. Carney began working as a police officer with the City of Dothan in 1999. During her employment, Carney engaged in conduct that the City of Dothan found

objectionable. To wit, she made controversial posts on Facebook and flouted a superior officer's orders. In 2013, the City of Dothan terminated Carney's employment for gross insubordination.

The City of Dothan filed a motion for summary judgment, which was granted. (Doc. # 84.) On January 28, 2016, final judgment was entered in favor of the City of Dothan. (Doc. # 85.) On February 26, 2016, Carney filed this motion to alter that judgment. (Doc. # 86.) The City of Dothan filed a response. (Doc. # 88.)

## II. DISCUSSION

Though Carney styled her motion as one seeking amendment of the judgment or a new trial, she only identifies Rule 59(e) of the Federal Rules of Civil Procedure as the grounds for the relief she seeks. The decision to alter or amend a judgment under Rule 59(e) is discretionary. *Am. Home Assurance Co. v. Glenn Estes & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985). Because Rule 59(e) relief is an extraordinary remedy, it may only be granted under limited circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). It is not an appropriate vehicle for reexamining resolved matters, raising new arguments, or presenting evidence that was previously available. *Id.*

Motions for alteration or amendment of judgment must be filed within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The moving party is entitled to an alteration or amendment of the judgment only where (1) the judgment

2

rests upon manifest errors of law or fact, (2) there is newly available evidence, (3) the judgment results in manifest injustice, or (4) there has been an intervening change in controlling law. *Taylor v. First N. Am. Nat'l Bank*, 331 F. Supp. 2d 1354, 1355 (M.D. Ala. 2004). In light of these principles, Carney's motion will be denied.

A.  **Carney's Motion Is Timely**

Carney filed her motion to alter or amend the judgment within the time period prescribed by Rule 59(e). The final judgment was entered on January 28, 2016. The City of Dothan contends that Carney's time for filing the motion expired on February 25, 2016. Under Rule 6 of the Federal Rules of Civil Procedure, however, the day upon which the triggering event occurred is excluded from the applicable time period. Fed. R. Civ. P. 6(a)(1)(A). Carney filed this motion on February 26, 2016, which is the twenty-eighth day following the entry of judgment within the meaning of the rules. The merits of Carney's motion will thus be addressed.

B.  **The Judgment Is Not Based on Manifest Errors of Law or Fact**

The judgment entered in favor of the City of Dothan does not rest on any error of law or fact. Carney advances three points that go to this issue, but none of them is availing.

First, with respect to her First Amendment claim, she alleges that it was error to find that the interests of the City of Dothan as an employer outweighed her interests as a citizen speaking on matters of public concern. *See, e.g., Connick v.*

*Myers*, 461 U.S. 138, 142 (1983) (citing *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)).  According to Carney, it was "inherently discriminatory" for the City of Dothan to discipline her for making inappropriate Facebook comments about black officer Christopher Dorner ("Dorner") while allowing white officers to post comments criticizing President Barack Obama.  (Doc. # 86, at 3.)

Carney's comments about Dorner, which arguably celebrated Dorner's decision to kill his fellow officers in retaliation for perceived racial bias in the Los Angeles police department, posed a direct threat to the efficient operation of the Dothan police department.  Seventeen fellow officers complained about Carney's comments, and many of those complainants noted that they would not feel comfortable working with Carney based on the content of her posts.  Comments criticizing a current president cannot be likened to comments advocating violence against coworkers.  Even if there was a racial element to the comments regarding President Obama,[1] those comments still have little bearing on the culture of loyalty

---

[1] Carney maintains, as she did in response to the City of Dothan's motion for summary judgment, that because the officers who criticized President Obama are white, their criticism must be racially motivated.  As the City of Dothan noted in its briefing both on the motion for summary judgment and the instant motion, Carney is "essentially suggesting that the President represents nothing more than the color of his skin and that any criticism of him is automatically racially based."  (Doc. # 88, at 5.)  The City of Dothan's argument on this point is well taken.  Suffice it to say that the fact that white officers criticized President Obama has no bearing on whether the City of Dothan's interests in the efficient operation of its police department outweigh Carney's interest in speaking on a matter of public concern.

and trust that is necessary for the safe and effective operation of a law enforcement agency.  *See Oladeinde v. Birmingham*, 230 F.3d 1275, 1293 (11th Cir. 2000).

That some police officers were allowed to voice their political concerns on Facebook does not change the outcome of the *Pickering* balancing test.  The scale tips in favor of the City of Dothan.

Second, Carney contends briefly that some of her Facebook comments were taken out of context.  Carney makes no effort to explain how any of the comments that formed the basis of the judgment were misrepresented or misconstrued in any way.  Both parties had ample opportunity, in briefing the motion for summary judgment, to provide the context surrounding Carney's Facebook comments.  This bare contention is insufficient to show that the judgment was based on a manifest error of law or fact.

Third, again relying on the fact that white police officers criticized President Obama, Carney contends that there exists "deep-seated race discrimination" within the Dothan Police Department.  (Doc. # 86, at 4.)  As addressed in note 1, *supra*, political criticism is not *per se* racially motivated merely because the critics are white and the political figure is black.  Even if these comments could be fairly described as racial in nature, Carney fails to explain how they evidence a manifest error of law or fact.  She merely contends, without further elaboration, that these comments are "a big reason why the summary judgment . . . should be withdrawn."  (Doc. # 86, at

5

4.) The fact that white officers criticized the sitting president has no bearing on the balancing of free speech interests or the City of Dothan's legitimate, non-discriminatory reasons for disciplining Carney and terminating her employment. It follows that Carney has not identified any manifest errors of law or fact justifying alteration or amendment of the judgment.

C. **Carney Identified No Newly Discovered Evidence**

Carney has not come forward with any newly discovered evidence justifying Rule 59(e) relief. She asserts, without citation to any evidentiary material, that a Dothan police officer admitted to being a member of the Sons of Confederate Veterans during the time that Carney was employed with the City of Dothan. Carney already had access to this information, however, before the City of Dothan filed its motion for summary judgment. In her May 1, 2015 deposition, Carney testified that she was aware of the officer's involvement with that organization. (Doc. # 44-1, at 119.)

She knew about this issue at the time she responded to the City of Dothan's motion for summary judgment, and she had every opportunity to develop this evidence further and submit it in support of her opposition to the motion for summary judgment. She also makes no effort to explain how this evidence is relevant to any of her claims. This evidence is not newly discovered, and it does not

justify alteration or amendment of the judgment. *See Levinson v. Landsafe Appraisal Servs.*, 558 F. App'x 942, 946 (11th Cir. 2014).

**D.    The Judgment Does Not Result in Manifest Injustice**

It is true that Carney was without legal representation for a portion of the pendency of this action, but this fact is insufficient to indicate that the judgment results in manifest injustice. Carney contends that, as a result of her brief *pro se* status, she was unable to file an amended EEOC charge, she was unable to amend her complaint, and she was forced to give deposition testimony without the benefit of legal counsel. Each of these issues will be briefly addressed.

Carney's failure to file her amended EEOC charge had no bearing on the entry of judgment in favor of the City of Dothan. The allegations made in the amended charge were not excluded from the court's consideration of the motion for summary judgment. Instead, issues of timeliness were not decided, and the court found that, even considering the events encompassed by the unfiled amended charge, the City of Dothan was entitled to summary judgment on all claims. (*See* Doc. # 84, at 23, 48–49.) To the extent Carney contends that her inability to file the amended EEOC charge indicates that the judgment results in manifest injustice, her motion is without merit.

Carney sought and was denied leave to amend her complaint long before she submitted her brief in response to the motion for summary judgment. She was

7

represented by counsel when she filed her initial complaint, when the court entered a scheduling order, and up until the deadline for amendment of pleadings. When Carney's new attorneys sought leave to amend the complaint outside the deadline, that motion was denied. (Doc. # 62.) In denying the motion to amend the complaint, the Magistrate Judge recognized that Carney's brief tenure as a *pro se* litigant did not entitle her to an opportunity to introduce new claims not contemplated in the initial complaint. (*See* Doc. # 62.) To the extent that Carney claims she was prejudiced by being denied the opportunity to amend her complaint, her motion is due to be denied.

Nor does the fact that Carney gave deposition testimony without legal representation indicate that the judgment results in manifest injustice. When Carney responded to the motion for summary judgment, she was represented by counsel. Where the City of Dothan relied on her deposition testimony in support of its motion for summary judgment, Carney and her counsel were free to rebut that evidence with other facts adduced during discovery. They were also free to raise the issue of any prejudice resulting from the City of Dothan's use of testimony she gave without the benefit of representation. Carney was afforded all due consideration of her *pro se* status throughout the period during which she was without representation, and none of these issues justifies an alteration or amendment of the judgment.

8

**E.** **Carney Identified No Intervening Change in Law**

As a final matter, Carney has not identified any change in the law since the entry of judgment. She therefore is entitled to no relief on this basis.

### III. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Alter, Amend, or Vacate the Decree, or, in the Alternative, Motion for a New Trial (Doc. # 86) is DENIED.

DONE this 13th day of April, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE